IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JESSICA HOGAN,

    Plaintiff, : Case No. 3:16-cv-319

v. : JUDGE WALTER H. RICE

NANCY A. BERRYHILL, : MAGISTRATE JUDGE
  MICHAEL J. NEWMAN
Acting Commissioner of the
Social Security Administration, :

    Defendant.

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART MOTION FOR REMAND OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY (DOC. #13); JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF JESSCIA HOGAN AND AGAINST DEFENDANT COMMISSIONER, REVERSING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE COMMISSIONER, PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(g), FOR AN IMMEDIATE AWARD OF BENEFITS; TERMINATION ENTRY

---

Plaintiff Jessica Hogan ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On January 31, 2017, the Commissioner filed a Motion for Remand ("Motion"), asking that the Court reverse the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, and remand the captioned cause to the

Commissioner for further administrative proceedings. Doc. #13. Plaintiff filed a memorandum *contra*, asking that the Court remand the case to the Commissioner for an immediate award of benefits, rather than further proceedings. Doc. #14. Based upon reasoning and citations of authority set forth below, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #5, and a thorough review of the applicable law, this Court SUSTAINS IN PART AND OVERRULES IN PART the Commissioner's Motion. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, as not supported by substantial evidence, and remanding the case, pursuant to sentence four of 42 U.S.C. §405(g), to the Commissioner for an immediate award of benefits.

The Commissioner concedes that the decision of her administrative law judge ("ALJ") is not supported by "substantial evidence," 42 U.S.C. § 405(g), and thus, remand is required. Doc. #13, PAGEID #692. The Commissioner argues that there is evidence in the record that both supports and opposes a finding of disability; thus, the Commissioner claims, the captioned cause must be remanded so that the Commissioner, rather than the Court, can resolve the conflicting evidence. *Id.*, PAGEID #691-92 (citing *Richardson v. Perales*, 402 U.S. 389, 399, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). However, Plaintiff argues that the captioned cause should be remanded for an immediate award of benefits, Doc. #14, PAGEID #696, claiming that her case is one of the narrow instances "where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

2

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. Under the version of 20 C.F.R. Pt. 404, Subpt. P., App'x 1 Listing ("Listing") 12.05(B) that was in effect at the time that the Commissioner issued her finding of non-disability, the Commissioner was required to find that Plaintiff was intellectually disabled and entitled to benefits if Plaintiff could show "[a] valid verbal, performance, or full scale [intelligence quotient ('IQ')] of 59 or less;" and "deficits in adaptive functioning initially manifested during the developmental period; i.e. . . . before the age of 22." Plaintiff satisfied the first prong of Listing 12.05(B) through intelligence testing performed in 2009 and in 2013; in both years, Plaintiff's full scale IQ scores were below 60. Doc. #5, PAGEID #465. Further, Plaintiff's educational records reflect that she was in "special education instruction for at least 21 percent of the day. More specifically, [Plaintiff] struggled with word pronunciation, critical thinking skills, and staying on topic." Doc. #14, PAGEID #695 (citing Doc. #5, PAGEID #542-46, 556-57; Doc. #7, PAGEID #663, 670-74). Such evidence demonstrates that Plaintiff's deficits in adaptive functioning manifested well before the age of 22, thus satisfying the second prong of Listing 12.05(B). The above evidence that Plaintiff met or equaled Listing 12.05(B), and is thus, disabled, is overwhelming. Accordingly, a judicial award of benefits is proper unless there is significant evidence to the contrary. *Faucher*, 17 F.3d at 176.

2. The Commissioner argues that "[e]ven if Plaintiff cites to evidence supporting disability, there is also evidence contrary to a finding of disability." Doc. #13,

3

PAGEID #691. As "[i]t is the role of the ALJ, not the Court, to resolve conflicts[,]" the Commissioner argues that the case must be remanded for further proceedings. *Id.* (citation omitted). The Court rejects the Commissioner's argument, as the evidence cited by the Commissioner does not necessarily support a finding of non-disability. While Peter Ramirez, M.D., Plaintiff's treating psychiatrist, "estimated that Plaintiff had average intelligence," Doc. #13, PAGEID #690 (citing Doc. #5, PAGEID #505, 507), there is no evidence of record showing that Dr. Ramirez ever conducted IQ testing on Plaintiff. Moreover, Dr. Ramirez opined that Plaintiff's concentration and ability to complete tasks in a timely manner was severely impaired, Doc. #5, PAGEID #538, which is not inconsistent with a finding of disability. Similarly, while Margaret Barker, one of Plaintiff's treating clinicians, opined that Plaintiff had no cognitive impairment, she conducted no intelligence or other clinical testing, Doc. #5, PAGEID #483, 485; she also noted that Plaintiff "suffered from delayed/problematic cognitive development in childhood." Doc. #14, PAGEID #696 (citing Doc. #5, PAGEID #476). As the findings of Dr. Ramirez and Ms. Barker do not call into question the valid IQ scores of below 60 or Plaintiff's cognitive impairments—which began long before adulthood—they are not evidence sufficient for the Court to conclude that remand for further proceedings is necessary and appropriate.

WHEREFORE, based upon the aforesaid, this Court SUSTAINS IN PART AND OVERRULES IN PART the Commissioner's Motion to Remand. Doc. #13. Judgment shall enter in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to

benefits, under the Social Security Act, and remanding the case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for an immediate award of benefits.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

May 9, 2017

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT